| STATE OF TENNESSEE DICKSON COUNTY CIRCUIT COURT | **STATE OF TENNESSEE** <br> **CIVIL SUMMONS** | Case Number <br> 22CC-2022-CV-73 |
|---|---|---|
| **ALEEA FRAZIER** | VS. WALGREENS CO. | |

Served On:
Walgreens Co.
200 Wilmot Road
Deerfield, TN 60015

You are hereby summoned to defend a civil action filed against you in the Circuit Court of County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: July 5th 2022

_Pam Lewis / Michalyne Turner_
Clerk / Deputy Clerk

Attorney for Plaintiff: Grimmett Law Firm, PLLC, (615) 933-8000
3326 Aspen Grove Drive, Suite 310, Lincoln Square, Franklin TN 37067

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.
Date: _____
_____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____   By: _____
Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____
Notary Public / Deputy Clerk (Comm. Expires _____)

Signature of Plaintiff _____
Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

*Rev. 03/11*

IN THE CIRCUIT COURT OF DICKSON COUNTY, TENNESSEE
AT NASHVILLE

FILED July 5 20 22
11:34 A M
Pamela A. Lewis
Circuit Court Clerk /MOM

ALEEA FRAZIER,
Plaintiff(s),

vs.

WALGREENS CO.,
Defendant(s).

Docket No. 22CC-2022-CV-73

JURY DEMAND (12)

## COMPLAINT

**COMES NOW** the Plaintiff, Aleea Frazier, by and through counsel, and hereby brings this cause of action against the Defendant, WALGREENS CO., and would respectfully state unto this Honorable Court as follows:

1. Plaintiff is an adult resident citizen of Dickson, TN, and resides at 132 Pond Road, Dickson, TN 37055.

2. The Defendant is a domestic for-profit limited liability corporation located in Deerfield, Illinois and is licensed to do business in the State of Tennessee. Its principal place of business is believed to be 200 Wilmot Road, Deerfield, Illinois, 60015.

3. Based upon information and belief, Defendant maintained, and/or controlled the establishment known as Walgreens located at 2 Mathis Drive, Dickson, TN 37055 on or about July 17, 2021.

4. The Defendant further employed, managed and/or controlled the employees which worked at the Walgreens establishment located at 2 Mathis Drive, Dickson, TN 37055 on or about July 17, 2021.

5. All the wrongs complained of herein occurred within this jurisdiction and within one (1) year preceding the filing of this Complaint.

## FACTS

6. On or about July 17, 2021, Plaintiff, Aleea Frazier, was a business invitee of Walgreens Corporation as a customer of the store.

7. When Plaintiff was walking in an aisle of the Walgreens, Plaintiff slipped and fell on an oily substance on the floor.

8. The Defendants' agents, employees, and/or servants further owed a duty of care to the patrons of the establishment to keep the premises in a safe and satisfactory condition.

9. Despite their duties, Defendant either failed to to provide these conditions in a safe manner and/or the Defendants agents, employees and/or servants failed to provide these services in a safe manner.

10. As a proximate and direct result of the unsafe premises by the Defendants by and through their agents, employees and/or servants, Plaintiff fell and suffered injuries.

## NEGLIGENCE

11. The Defendant Walgreens Corporation owed Plaintiff a duty to properly maintain its premises for its patrons.

12. At all relevant times herein, Defendant and its employees, agents, representatives, and/or servants were negligent in that they:

   a) Failed to take reasonable measures to maintain the premises;

   b) Failed to safely maintain the establishment, conduct routine inspections, and address hazardous, dangerous, and unsafe conditions in a timely manner;

   c) Knew or should have known that a dangerous, hazardous, and unsafe condition existed on its premises;

   d) Failed to provide warning and/or notice regarding the hazardous, dangerous, and unsafe condition on its premises;

   e) Created a hazardous, dangerous and unsafe condition; AND

   f) Failed to exercise due and reasonable care.

13. Each of the foregoing acts and/or omissions on the part of Defendant and its employees, agents, representatives and/or servants as set forth herein was a direct and proximate cause of the damages suffered by Plaintiff.

14. As the sole, direct and proximate result of the Defendant's negligence, Plaintiff has been injured and her damages include, but are not limited to the following particulars, to wit:

   a) Physical pain and suffering associated with injuries she received in the accident which are of a past, present and future nature;

   b) Mental pain and suffering associated with the injuries she received in the accident which are of a past, present and future nature;

c) Loss of earning capacity;

d) Permanent scarring;

e) Loss of enjoyment of life; AND

f) Cost of medical treatment, which is of a past, present and future nature.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Aleea Frazier, sues the Defendant Walgreens Corporation, and demands judgment against them in the amount of one-hundred-and-fifty-thousand-dollars ($150,000.00), and such further relief, both specific and general, to which she may be entitled, under the premises.

**A JURY OF 12 PERSONS IS RESPECTFULLY DEMANDED**

RESPECTFULLY SUBMITTED:

_/s/ Megan Geer_
Megan Geer (BPR #033307)
Grimmett Law Firm, PLLC
3326 Aspen Grove Drive
Suite 310, Lincoln Square
Franklin, TN 37067
Phone: (615) 933-8000
Fax: (615) 551-1181
E-Mail: mgeer@grimmettlawfirm.com
*Attorney for: Aleea Frazier*